**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
RAJNARIND KAUR,                  :
                                      :
              Plaintiff,       :
                                        :
           v.              :        Case No. 19-cv-02505
                                        :
DEUTSCHE BANK A.G. and SANDRO BOERI,  :
in his individual and professional capacities,  :
                                        :
              Defendants.    :
---------------------------------------------------------------x

## DEFENDANTS' ANSWER AND
## DEFENSES TO PLAINTIFF'S COMPLAINT

       Defendants Deutsche Bank A.G. and Sandro Boeri. (together, "Defendants") by and

through their attorneys Morgan, Lewis & Bockius LLP, hereby answer the Complaint (the

"Complaint") filed by Rajnarind Kaur ("Plaintiff") on March 21, 2019 in accordance with the

numbered paragraphs thereof as follows.  All capitalized terms used but not defined herein

have the meaning ascribed to them in the Complaint.  The inclusion of headings below is only

for consistency with the Complaint and are not admissions of the matters set forth in the

headings.

### Preliminary Statement

       1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint,

except as follows: admit that Plaintiff was employed by DB AG Filiale New York from

February 1, 2011 through May 31, 2015, Deutsche Bank Americas Holding from June 1, 2015

through March 31, 2016 and DB AG Filiale New York from April 1, 2016 through November

2018 and that Plaintiff is an Indian, Sikh woman.

2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint except as follows: admit that Plaintiff brought this action alleging unlawful employment practices in violation of the FMLA, NYSHRL and NYCHRL.

## JURISDICTION AND VENUE

3.      The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them, except as follows: admit that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331, and further purports that this Court has supplemental jurisdiction over Plaintiff's New York State and New York City claims.

4.      The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 4 of the Complaint, except as follows: admit that Plaintiff purports that venue is proper in this District pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PROCEDURES

5.      Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 5 of the Complaint and, therefore, deny them.  Defendants aver that Plaintiff filed a Charge of Discrimination with the EEOC on March 22, 2019.

6.      The allegations contained in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

## PARTIES

7.      The allegations contained in the third sentence of Paragraph 7 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is

required, Defendants deny them. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in the second sentence of Paragraph 7 of the Complaint, and, therefore, deny them. Defendants admit the allegations contained in the first sentence of Paragraph 7.

8. The allegations contained in the second sentence of Paragraph 8 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny them. Defendants admit the allegations contained in the first sentence of Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in the first and second sentences of Paragraph 9 of the Complaint except as follows: admit that Defendant Boeri is Head of Staff Development – Internal Audit in Defendant Deutsche Bank A.G.'s London, England office, that he resides in England, and that he supervised Plaintiff from January 2017 through November 2018. The allegations contained in the third sentence of Paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

## FACTUAL ALLEGATIONS

### Ms. Kaur's Employment at Deutsche Bank and Transition to Group Audit

10. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 10 of the Complaint and, therefore, deny them, except as follows: admit Plaintiff began performing services for DB AG Filiale New York in June 2010 through a temporary services agency.

11. Admitted.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint, except as follows: admit that Plaintiff was employed by DB AG Filiale New York as a Business Project Manager until April 2016.

13. Denied.

14. Denied.

15. To the extent the allegations contained in Paragraph 15 of the Complaint purport to refer to a written document, such document speaks for itself. Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint, except as follows: admit that Plaintiff began working in DB AG Filiale New York's Group Audit department on April 1, 2016.

17. Denied.

18. Denied.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint, except as follows: admit that Plaintiff initially reported to Helge Launtenbach in April 2016 and began reporting to Sissel Heiberg in September 2016.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint, except as follows: admit that Ian Overton knew Plaintiff did not have audit experience prior to joining Group Audit.

21. To the extent the allegations contained in Paragraph 21 of the Complaint purport to refer to a written document, such document speaks for itself. Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise

mischaracterize the written document referenced therein. Defendants further deny the allegations contained in Paragraph 21 of the Complaint to the extent they do not purport to refer to a written document.

22. To the extent the allegations contained in Paragraph 22 of the Complaint purport to refer to a written document, such document speaks for itself. Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

23. To the extent the allegations contained in Paragraph 23 of the Complaint purport to refer to a written document, such document speaks for itself. Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

24. To the extent the allegations contained in Paragraph 24 of the Complaint purport to refer to a written document, such document speaks for itself. Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

25. To the extent the allegations contained in Paragraph 25 of the Complaint purport to refer to a written document, such document speaks for itself. Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

26. To the extent the allegations contained in Paragraph 26 of the Complaint purport to refer to a written document, such document speaks for itself. Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

27.     Admitted.

**Ms. Kaur Discloses a Serious Medical Condition to Mr. Boeri**

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint, except as follows: admit that Plaintiff disclosed to Boeri that she had a medical condition.

29.     Denied.

30.     To the extent the allegations contained in Paragraph 30 of the Complaint purport to refer to a written document, such document speaks for itself. Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint, except as follows: admit Defendant Boeri told Plaintiff there was a gap in her knowledge due to her lack of audit experience in or around July 2017.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint, except as follows: admit Defendant Boeri informed Plaintiff that she should look to apply to positions internally.

33.     Denied.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint, except as follows: admit that Defendant Boeri was aware that Plaintiff did not have audit experience before April 2016.

35.     Denied.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint, except as follows: admit that Plaintiff told Defendant Boeri in July 2017 that Plaintiff would be out of the office following a medical procedure.

37.     Denied.

38.     To the extent the allegations contained in Paragraph 38 of the Complaint purport to refer to a written document, such document speaks for itself.  Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

39.     To the extent the allegations contained in Paragraph 39 of the Complaint purport to refer to a written document, such document speaks for itself.  Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

40.     Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 40 of the Complaint, and, therefore, deny them, except as follows: admit that Plaintiff requested leave on or about July 18, 2017.

41.     Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 41 of the Complaint, and, therefore, deny them.

42.     Defendants deny the allegations contained Paragraph 42 of the Complaint, except as follows: admit Plaintiff remained on leave until January 29, 2018.

43.     Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 43 of the Complaint, and, therefore, deny them.

44.     Denied.

45.     Denied.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint, except as follows: admit that a video conference between Plaintiff, Defendant Boeri and Ian Overton was scheduled for and took place on February 13, 2018.

47.     Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 47 of the Complaint, and, therefore, deny them.

48.     Denied.

49.     Denied.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint, except as follows: admit Plaintiff expressed her belief that Defendant Boeri did not like her during a video conference on February 13, 2018.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint, except as follows: admit that, during a video conference on February 13, 2018, Plaintiff and Defendant Boeri discussed Plaintiff's comment that Plaintiff thought Defendant Boeri did not like her.

52.     Denied.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint, except as follows: admit that Defendant Boeri told Plaintiff during the video conference on February 13, 2018 that she did not have the requisite audit experience or background necessary for her position.

54.     Admitted.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint, except as follows: admit that Plaintiff requested a copy of her job description during a video conference on February 13, 2018.

56.     Denied.[1]

---

[1] The Complaint incorrectly identifies Silvana Stolz's last name as "Stoltz."

57. To the extent the allegations contained in Paragraph 57 of the Complaint purport to refer to a written document, such document speaks for itself. Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

58. To the extent the allegations contained in Paragraph 58 of the Complaint purport to refer to a written document, such document speaks for itself. Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

59. To the extent the allegations contained in Paragraph 59 of the Complaint purport to refer to a written document, such document speaks for itself. Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

**Mr. Boeri Deny Ms. Kaur of the Resources and Opportunities Necessary to Succeed**

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint, except as follows: admit that Plaintiff and Jennifer Wilson set up a meeting together upon Plaintiff's return from leave.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Defendants deny the allegations contained in Paragraph 75 of the Complaint, except as follows: admit that Defendant Boeri provided Plaintiff with feedback regarding Plaintiff's email critique of the auditor she shadowed.

76.    Defendants deny the allegations contained in Paragraph 76 of the Complaint, except as follows: admit that Plaintiff expressed interest in participating in a series of internal telephone conferences.

77.    Denied.

78.    Denied.

79.    Denied.

**Ms. Kaur Raises Complaints Concerning Discriminatory Conduct**

80.    Denied.

81.    Admitted.

82.    Denied.

83.    Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 83 of the Complaint and, therefore, deny them.

84.     Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 84 of the Complaint and, therefore, deny them.

85.     Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 85 of the Complaint and, therefore, deny them.

86.     To the extent the allegations contained in Paragraph 86 of the Complaint purport to refer to a written document, such document speaks for itself.  Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

87.     To the extent the allegations contained in Paragraph 87 of the Complaint purport to refer to a written document, such document speaks for itself.  Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

88.     To the extent the allegations contained in Paragraph 88 of the Complaint purport to refer to a written document, such document speaks for itself.  Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint except as follows: admit that Defendant Boeri met with Plaintiff on April 26, 2018.

90.     Denied.

91.     Denied.

92.     Denied.

93.     To the extent the allegations contained in Paragraph 93 of the Complaint purport to refer to a written document, such document speaks for itself.  Thus, Defendants

deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

94.     To the extent the allegations contained in Paragraph 94 of the Complaint purport to refer to a written document, such document speaks for itself.  Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

95.     To the extent the allegations contained in Paragraph 95 of the Complaint purport to refer to a written document, such document speaks for itself.  Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

96.     To the extent the allegations contained in Paragraph 96 of the Complaint purport to refer to a written document, such document speaks for itself.  Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint, except as follows: admit that Plaintiff met with Silvana Stolz on May 7, 2018.

98.     Denied.

99.     Denied.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint, except as follows: admit that Plaintiff met with Joanne Smith[2] on May 23, 2018.

101.    To the extent the allegations contained in Paragraph 101 of the Complaint purport to refer to a written document, such document speaks for itself.  Thus, Defendants

---

[2] The Complaint incorrectly identifies Joanne Smith's first name as "Joanna."

deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

102.     To the extent the allegations contained in Paragraph 102 of the Complaint purport to refer to a written document, such document speaks for itself.  Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

103.     Defendants deny the allegations contained in Paragraph 103, except as follows: admit that on September 19, 2018 Smith and Christina Berti informed Plaintiff that the investigation into her allegations had completed.

104.     Defendants deny the allegations contained in Paragraph 104, except as follows: admit that on September 19, 2018 Plaintiff alleged her request to take the Certified Internal Auditor training exam had been denied.

105.     To the extent the allegations contained in Paragraph 105 of the Complaint purport to refer to a written document, such document speaks for itself.  Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

106.     To the extent the allegations contained in Paragraph 106 of the Complaint purport to refer to a written document, such document speaks for itself.  Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

107.     Denied.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint and aver that Defendant Boeri informed Plaintiff on October 26, 2018 that her employment was being terminated.

109. Denied.

110. To the extent the allegations contained in Paragraph 110 of the Complaint purport to refer to a written document, such document speaks for itself. Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

111. To the extent the allegations contained in Paragraph 111 of the Complaint purport to refer to a written document, such document speaks for itself. Thus, Defendants deny these allegations contained insofar as they contradict, take out of context, or otherwise mischaracterize the written document referenced therein.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint. Defendants aver that Defendant Boeri attempted to discuss Plaintiff's performance objectives during a video conference on February 13, 2018, but Plaintiff refused to participate in the discussion.

113. Denied.

114. Denied.

115. Denied.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint, except as follows: admit that Defendant Deutsche Bank A.G. did not offer Plaintiff severance upon her separation.

117.     Defendants deny the allegation contained in Paragraph 117 of the Complaint, except as follows: admit that representatives at Defendant Deutsche Bank A.G. sent Plaintiff status updates regarding open positions at Defendant Deutsche Bank A.G. after Plaintiff's employment terminated.

118.     Denied.

119.     Denied.

**Defendants have Discriminated Against Other Minority Employees**

120.     Denied.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.     Denied.

126.     Denied.

127.     Denied.

**FIRST CAUSE OF ACTION**
**(Retaliation in Violation of FMLA)**
*Against All Defendants*

128.     Defendants incorporate by reference its responses to the previous Paragraphs of the Complaint as if fully set forth herein.

129.     The allegations contained in Paragraph 129 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants admit them.

130.     The allegations contained in Paragraph 130 of the Complaint constitute legal

conclusions to which no response is required.  To the extent a response is required,

Defendants admit them.

131.     Denied.

132.     Denied.

133.     Denied.

**SECOND CAUSE OF ACTION**
**(Discrimination in Violation of the NYSHRL)**
*Against All Defendants*

134.     Defendants incorporate by reference its responses to the previous Paragraphs

of the Complaint as if fully set forth herein.

135.     Denied.

136.     Denied.

137.     Denied.

**THIRD CAUSE OF ACTION**
**(Retaliation in Violation of the NYSHRL)**
*Against All Defendants*

138.     Defendants incorporate by reference its responses to the previous Paragraphs

of the Complaint as if fully set forth herein.

139.     Denied.

140.     Denied.

141.     Denied.

## FOURTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)
*Against All Defendants*

142.    Defendants incorporate by reference its responses to the previous Paragraphs of the Complaint as if fully set forth herein.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

## FIFTH CAUSE OF ACTION
### (Retaliation in Violation of the NYCHRL)
*Against All Defendants*

147.    Defendants incorporate by reference its responses to the previous Paragraphs of the Complaint as if fully set forth herein.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

## PRAYER FOR RELIEF

Defendants deny the allegations set forth in the WHEREFORE clause of the Complaint (inclusive of sub-parts (A) through (H)), and further deny that Plaintiff is entitled to any of the relief demanded therein or to any other type of remedy, relief or damages whatsoever.

## JURY TRIAL DEMAND

Defendants object to Plaintiff's demand for a trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies, liquidated damages, or attorneys' fees or costs, as those remedies and damages are to be decided by the Court.

## GENERAL DENIAL

Defendants deny each and every allegation contained in the Complaint which is not specifically admitted herein.

## DEFENSES

Defendants assert the following defenses without conceding that Defendants bear the burden of proof as to any of them. Defendants reserve the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a cause of action under which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed, in whole or in part, to state a prima facie case of discrimination or retaliation against Defendants, whether on the basis of race, color, national origin, religion, disability, and/or FMLA leave status, or any other protected category.

## THIRD DEFENSE

Defendants' actions toward Plaintiff were taken based upon legitimate, non-discriminatory business reasons.

## FOURTH DEFENSE

In the event that Plaintiff can demonstrate that her alleged race, color, national origin, religion, disability, and/or FMLA leave status, was a motivating factor in any decision that she challenges, though such is not admitted herein, she is not entitled to monetary damages or other relief because Defendants would have taken the same action in the absence of any such allegedly impermissible factor.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot show that the complained-of conduct would not have occurred but for her race, color, national origin, religion, disability, and/or FMLA leave status or any other protected category.

## SIXTH DEFENSE

Defendants acted in good faith and without malice, willfulness or evil intent.

## SEVENTH DEFENSE

Any alleged emotional distress or mental anguish suffered by Plaintiff was not caused by Defendants or by any of their agents and/or employees.

## EIGHTH DEFENSE

Plaintiff has suffered no economic loss and/or failed to mitigate her alleged damages, entitlement to which is specifically denied.

## NINTH DEFENSE

Plaintiff's claims or remedies are diminished or barred to the extent that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and/or unclean hands.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by any and all applicable statutes of limitations. To the extent Plaintiff failed to assert some or all of her claims in a timely fashion, such claims are time-barred.

## TWELFTH DEFENSE

Plaintiff's claims are frivolous, unreasonable, and groundless and, accordingly, Defendants are entitled to recover all costs and attorneys' fees incurred herein based on, inter alia, the United States Supreme Court's decision in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).

## THIRTEENTH DEFENSE

Plaintiff is not entitled to punitive damages because all actions regarding Plaintiff were taken in good faith efforts to comply with all applicable statutes and laws and for legitimate reasons. Defendants did not act with an improper motive or reckless disregard of Plaintiff's protected rights and/or Plaintiff cannot prove a willful violation. Further, Plaintiff is precluded from recovering punitive damages because an award of punitive damages would be an unconstitutional denial of Defendants' rights to due process and/or equal protection under the Fifth and Fourteenth Amendments and the laws of the State of New York.

## FOURTEENTH DEFENSE

To the extent applicable, Defendants have established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory and/or retaliatory practices in accordance with all applicable statutes.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not approve or condone the allegedly discriminatory action.

## SIXTEENTH DEFENSE

To the extent applicable, all relevant factors should be considered in accordance with § 8-107(13)(d)-(f) and § 8-126(b) of the NYCHRL.

## SEVENTEENTH DEFENSE

Plaintiff's claims under the NYSHRL and NYCHRL are barred for lack of supplemental and pendent jurisdiction.

## EIGHTEENTH DEFENSE

Any damages alleged by Plaintiff may be subject to offset by any income she has received.

## NINETEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff was not an individual with a disability, nor was she regarded as having a disability, under any applicable statute.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert such additional defenses that may appear and prove applicable as Plaintiff's claims are clarified in the course of this litigation.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in favor of Defendants, and award Defendants their costs, including reasonable attorneys' fees and such other relief as this Court may deem just and appropriate.

Dated: June 3, 2019

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**


By:   */s/ Kenneth J. Turnbull*
      Kenneth J. Turnbull
      Sarah L. Huff

101 Park Avenue
New York, NY 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
kenneth.turnbull@morganlewis.com
sarah.huff@morganlewis.com


*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by ECF a true and correct of Defendants'

Answer and Defenses to Plaintiff's Complaint on this 3rd day of June, 2019 on:

David E. Gottlieb, Esq.
Kenneth D. Walsh, Esq.
85 Fifth Avenue
New York, NY 10003
dgottlieb@wigdorlaw.com
kwalsh@wigdorlaw.com

*Attorneys for Plaintiff*

/s/ Kenneth J. Turnbull
Kenneth J. Turnbull
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178